**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JERRY MARSHALL, SR., ADC #97894, et al.                    PLAINTIFFS

v.                              5:16CV00062-BSM-JTK

FORDYCE COUNTY JAIL, et al.                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a

1

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any

documentary or other non-testimonial evidence desired to be introduced at the hearing before

the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.     Introduction

Plaintiff Frederick Rainey is a state inmate confined at the Wrightsville Unit of the

Arkansas Department of Correction (ADC).   He and several other inmates filed this pro se

42 U.S.C. § 1983 action against the Fordyce County Jail, alleging unconstitutional conditions

of confinement (Doc. No. 2).   All the other co-Plaintiffs have been dismissed from this

action.

By Order dated April 5, 2016, this Court granted Rainey's Motion to Proceed in forma

pauperis, and provided him the opportunity to file an Amended Complaint, noting that the

Jail was not considered a person within the meaning of § 1983, and that his allegations of

2

mold in the Jail failed to state claim upon which relief could be granted (Doc. No. 23).

Rainey then submitted an Amended Complaint, naming as a Defendant Sheriff Stan

McGahee (Doc. No. 38). However, Rainey's allegations against McGahee again did not state

a claim, so the Court granted Plaintiff one final opportunity in which to amend his

Complaint, by Order dated May 5, 2016 (Doc. No. 40).[1]  Plaintiff has submitted a Second

Amended Complaint (entitled Motion to Amend), adding as a Defendant Jail Administrator

Brian Shaddock (Doc. No. 42).

Having reviewed Plaintiff's Second Amended Complaint, the Court finds it should

be dismissed for failure to state a claim upon which relief may be granted.

## II.   Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. §

1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised

claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief

may be granted; or (c) seek monetary relief from a defendant who is immune from such

---

[1]In both the April 5, 2016, and May 5, 2016, the Court explained that Plaintiff's Amended Complaint should: **"1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner;  3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how he was harmed; and 5) state whether he was incarcerated as a pretrial detainee.  Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places."** (Doc. Nos. 23, 40)

relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Facts and Analysis

In his Second Amended Complaint, Plaintiff states he was housed in the Jail from January 2, 2016, to February 29, 2016, living with black mold.  (Doc. No. 42, p. 4) After Defendant Shaddock repaired a water leak in Plaintiff's cell, Plaintiff discovered more mold in the area of the leak, in the shower, and living areas, and on the trays on which his food was served.  (Id., p. 5) When Plaintiff complained to the Defendants, they told him he would be okay and that it could be worse.  (Id.) Plaintiff claims the mold caused him nightmares, and asks for damages for mental anguish and emotional distress. (Id.)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Since plaintiff was a pretrial detainee at the time of his incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1976), In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Therefore, in order to support an Eighth Amendment claim for relief for unconstitutional conditions of confinement, Plaintiff first must allege that the conditions were objectively, sufficiently serious, that the punishment imposed amounted to "the denial of 'the minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994), citing Rhodes v. Chapman, 425 U.S. 337, 347 (1981). Second, Plaintiff also must allege that the Defendants acted with deliberate indifference (not negligence or inadvertence) to his need for health and safety. Farmer , 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 303, 305-06 (1991).

"Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984)

(other citations omitted.))   "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Martin, supra *4 (quoting Whitnack, 16 F.3d at 957).  An inmate who slept without a mattress or blanket for four days on a concrete slab in the winter was not denied the minimal civilized measures of life's necessities, in O'Leary v. Iowa State Men's Reformatory, 79 F.3d 82, 84 (8th Cir. 1996).  Furthermore, placement in a strip cell without clothes, water, mattress, pillow, sheets or blanket for four days was found not unconstitutional in Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995).

Initially the Court notes that the Jail should be dismissed, because a Jail is not considered a person within the meaning of § 1983.  See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); Ketchum v. City of West Memphis, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities).

In addition, Plaintiff's vague allegations of black mold in various areas of the Jail during his two-month stay[2] do not support a constitutional claim for relief.  Plaintiff alleges no physical harm as a result of the mold, and his allegations do not support a finding that he

---

[2]Mail sent to Rainey at the Jail was returned as undeliverable on March 10, 2016 (Doc. No. 10)

was deprived of a "single, identifiable human need such as food, warmth, or exercise." Whitnack, 16 F.3d at 957. Furthermore, his allegations against the two Defendants are equally vague and border on negligence, which is insufficient to support an Eighth Amendment claim. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

## IV.    Conclusion

IT IS, THEREFORE,  RECOMMENDED that:

1.    Plaintiff's Second Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.    Plaintiff's Motion to Amend (Doc. No. 42) be DENIED.

3.    This dismissal constitute a "strike" within the meaning of the PLRA.[3]

4.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(g).

IT IS SO RECOMMENDED this 2nd day of June, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[3]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.